Tukley, J.
delivered the opinion of the court.
This is an indictment against the defendants under the provisions of an act to suppress illegal voting, passed in 1841, ch. 81. Among other things it is provided by section 10, “That it shall be the duty of the judges, at election, to preserve the poll books, or list of the names of the voters, which shall be kept by their respective clerks, which shall be certified by the judges, or a majority of them, under their hands, to contain a true list of the voters at their respective places of holding elections, which certificate shall be attested by the clerks and officers holding the elections, and the judges shall within ten days after said election, cause one copy, or set of them, to be filed *10 with the Clerk of the Circuit Court, and another copy with the Clerk of the County Court of the county in which such election shall be held.” And by the 12th section, it is provided, “That if any of the judges aforesaid, shall violate the provision of the 10th section, he or they shall be guilty of a misdemeanor, and upon conviction punished accordingly.”
The bill of indictment against the defendants under this statute, charges the offence in the words following, viz:
“The grand jurors of the State of Tennessee, being duly elected, empannelled, sworn, and charged to enquire for the body of the county of Sevier, on their oaths aforesaid, present and say, that heretofore, to wit, on the 7th day of August, in the year of our Lord one thousand eight hundred and forty-five, an election was held in the State of Tennessee for Governor of said State, members of Congress, and members of the State Legislature; that said election was held in the county aforesaid, under the constitution and laws of this the said State, on the said 7th day of August, in the year of our Lord one thousand eight hundred and forty-five, that Samuel Randles, Abraham Fox and Thomas Brabson, late of said county, laborers, on the day and year last aforesaid, at, to wit, in the county aforesaid, were then and there the judges of said election, at the place of holding the same in the ninth civil district of said county; that as judges as aforesaid, it was their duty, within ten days after said election, to return and file with William L. Rodgers, he then and there being Clerk of the Circuit Court of said county, one copy of the poll books, or list of voters, kept by the clerks at said election, of which they were the judges as aforesaid, certified by said judges, or a majority of them, under their hands, to contain a true list of the votes at the place of holding said election in the ninth district, and attested by the clerks and officers holding said election, or to cause the same to be done; and that the said judges of said election did not within ten days after the same was held return and file with said William L. Rodgers, clerk as aforesaid, a certified copy of the poll books, or list of voters, at said election, of which they were judges as aforesaid, signed and attested as aforesaid and according to law.”
*11 This bill of indictment was quashed by the Circuit Court upon demurrer, upon which the Attorney General appealed to this court. The question presented for our consideration is, whether the bill of indictment be framed with sufficient certainty under the statute? ' It is alledged that it is not; that the charge in the bill, that the defendants were then and there the’ judges of said election, at the place of holding the same in the ninth civil district in said county, is insufficient; that it ought to have been charged, that they were made, or became judges of said election. The allegation that they were the judges, is in our opinion the same thing; for this they could not have been unless they had been made or became such. The charge that they were the judges, contains a necessary implication that they had been appointed to that office, and taken upon themselves the discharge of its duties. If they had not, they might have shown it upon trial, and they would there have been acquitted, upon the ground that they were not the judges of the election as charged.
There are several other objections taken to the indictment, but not seriously urged, and they need not be considered, as they do not effect the merits of the case. We, therefore, think this bill of indictment is well drawn and must be answered by the defendants.
Judgment reversed and case remanded, to be further proceeded in.